IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK WILLIAM HARRIS, #R6390                                PLAINTIFF

VERSUS                            CIVIL ACTION NO.   1:10-cv-447-HSO-JMR

DANNY SAUCIER, BUTCH RABY,
SHANE EDGAR, JULIE FLOWERS
and REGGIE UNKNOWN                                           DEFENDANTS

<u>ORDER</u>

Upon consideration of the complaint filed pursuant to 42 U.S.C. § 1983 by the plaintiff in the above entitled action, the court finds that the plaintiff is required to provide additional information concerning his claims.

To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).  Although the court must liberally construe the *pro se* litigants pleadings, this does not allow the court to consider unpled facts.  *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).  Having reviewed the allegations of this complaint, the court has determined that the plaintiff has failed to assert any claims against named defendants Saucier, Raby, Edgar and Captain Reggie.

Additionally, in order for the plaintiff to prevail on a claim of failure to protect he "must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v.*

*Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *see also Farmer v. Brennan*, 511 U.S.. 825, 834 (1994). Therefore, the plaintiff is required to state the names of the defendants he informed of his need for protection from harm.

Finally, to state an arguable claim pursuant to 42 U.S.C. § 1983 relating to his medical care, the plaintiff must "[plead] that the prison medical officials were deliberately indifferent to his serious medical needs." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The allegation of "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Furthermore, "[m]ere negligence, neglect or medical malpractice" does not give rise to a § 1983 cause of action. *Id*. (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)). Accordingly, it is hereby,

ORDERED:

1. That **on or before January 14, 2011**, plaintiff shall file a written response to:

(a) specifically state how defendant DANNY SAUCIER violated plaintiff's constitutional rights;

(b) specifically state how defendant BUTCH RABY violated plaintiff's constitutional rights;

(c) specifically state how defendant SHANE EDGAR violated plaintiff's constitutional rights;

(d) specifically state how defendant REGGIE UNKNOWN violated plaintiff's constitutional rights;

(e) specifically state the date and the name of the defendant(s) that plaintiff informed that he needed protection from harm; and

(f) specifically state the name of the defendant(s) that plaintiff informed and requested that he be given medical care for injuries he received as a result of being assaulted by other inmates.

2.  **That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this cause being dismissed without prejudice and without further notice to the plaintiff.**

3.  That the Clerk of Court is directed to mail a copy of this order to the plaintiff at his last known address.

THIS, the 22nd day of December, 2010.

           *s/ John M. Roper*
           CHIEF MAGISTRATE JUDGE