**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARK WILLIAM HARRIS**                                               **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 1:10cv447-HSO-JMR**

**DANNY SAUCIER, et al.**                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION:**

This Matter comes before the Court pursuant to the Defendants' Motion [39] to Dismiss or Alternatively, for Summary Judgment and for Qualified Immunity. Plaintiff Harris filed his Complaint [1] on September 16, 2010. This Court issued an Order [10] requiring the Plaintiff to provide additional information concerning his claim; he filed a Response [12] on January 12, 2011. The Plaintiff came before the Court for an Omnibus Hearing on April 19, 2011, at which time the Court granted the Defendants' Motion [26] to Stay Case pending the disposition of state criminal charges against an individual related to the instant matter. Plaintiff Harris filed a Motion [36] to Lift Stay on August 24, 2011. The Defendants filed a Response [38] endorsing the Plaintiff's position, and thereafter filed the present Motion [39] and its accompanying Memorandum [40] in Support on October 11, 2011.

Harris' Complaint presents two claims: (1) that the Defendants failed to protect him despite knowing that he was in immediate physical danger and (2) deliberate indifference to his medical needs that resulted from the Defendants' failure to protect. After considering the Complaint and its

Amendment, the Motion and its accompanying Memorandum in Support, and all pleadings of the record in conjunction with the applicable law, the Court finds that the Plaintiff has failed to exhaust administrative remedies and therefore recommends that the Motion to Dismiss be granted and the Complaint dismissed without prejudice.

## ANALYSIS

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as area available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citations and quotations omitted). In *Porter*, the Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The reach of the PLRA includes both failure to protect cases, *See, e.g., Clifford v. Gibbs*, 298 F.3d 328, 330-31 (5th Cir. 2002) (dismissing failure to protect claim for failing to exhaust administrative remedies as required by § 1997e(a)) and cases involving deliberate indifference to an inmate's medical needs, *see, e.g., Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001) (affirming

District Court dismissal of inmate's § 1983 case for deliberate indifference of medical needs for failure to exhaust administrative remedies), whether they be against a defendant in his official or individual capacity. *See Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010). The exhaustion requirement of the PLRA attaches when a plaintiff files a claim while "confined in any jail, prison, or other correctional facility," § 1997e(a), and thereafter remains: "release during pendency of the suit does not relieve him the obligation to comply with 42 U.S.C. § 1997e." *Id.* at 619.

Because Harris was in custody at the time of the filing, he must meet the obligations imposed by the PLRA, including the requirement of exhaustion, in both his failure to protect and medical care claims. In his Complaint, Harris indicates that he has not completed the applicable administrative remedy program regarding the claims he brings before the Court. Comp. [1] 3. As such, the Motion [39] should be granted and the Complaint dismissed without prejudice for failing to exhaust administrative remedies.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that Defendants' Motion [39] .

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.

*Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

    This the  7th  day of February, 2012.

                                                 s/ John M. Roper, Sr.
                                    CHIEF UNITED STATES MAGISTRATE JUDGE